IH-32 Rev: 2014-1

# United States District Court
for the
# Southern District of New York
## Related Case Statement

---

### Full Caption of Later Filed Case:

In Re Bernard L. Madoff Investment Securities LLC

A&G Goldman Partnership; Pamela Goldman

Susanne Stone Marshall; Adele Fox; Marsha Peshkin;
Russell Oasis

| Plaintiff | Case Number |
|---|---|
| vs. | 14-cv-06790 (UA); 14-cv-07058 (UA) |

Irving H. Picard, as Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC

Defendant

Capital Growth Company; Decisions, Inc.; Favorite Funds; JA Primary Limited Partnership; JA Special Limited Partnership; JAB Partnership; JEMW Partnership; JF Partnership; JFM Investment Companies; JLN Partnership; JMP Limited Partnership; Jeffry M. Picower Special Company; Jeffry M. Picower, P.C.; The Picower Foundation; The Picower Institute of Medical Research; The Trust F/B/O Gabrielle H. Picower; Barbara Picower, individually and as Executor of the Estate of Jeffry M. Picower, and as Trustee for the Picower Foundation and for the Trust f/b/o Gabriel H. Picower,

Intervenors

Defendant

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

In Re Bernard L. Madoff Investment Securities LLC

Susanne Stone Marshall

| Plaintiff | Case Number |
|---|---|
| vs. | 11-cv-01298 (JGK) |

Irving H. Picard, as Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC

Defendant

## Status of Earlier Filed Case:

☑ Closed — (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☐ Open — (If so, set forth procedural status and summarize any court rulings.)

The earlier filed case was closed by court decision. The decision was appealed to the United States Court of Appeals for the Second Circuit and the decision was affirmed. See In re Bernard L. Madoff Inv. Secs. LLC, 740 F.3d 81 (2d Cir. 2014).

## Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

The instant appeal stems from the bankruptcy court's order enforcing a permanent injunction entered in connection with Appellee Irving H. Picard's (the "Trustee") settlement with the estate of Jeffry M. Picower and related entities on December 17, 2010 (the "Picower Settlement"), in his capacity as trustee for the substantively consolidated liquidation of Bernard L. Madoff Investment Securities LLC under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa, et seq. and the estate of Bernard L. Madoff. That order enjoined proposed class action complaints separately asserted by two sets of appellants in these related appeals - the "Fox Appellants" (Appeal No. 14-CV-6790), and the "Goldman Appellants" (Appeal No. 14-CV-7058). On March 11, 2014, the Trustee moved to enforce the permanent injunction against both sets of appellants in one action. See Picard v. Marshall, Adv. Pro. No. 14-01840 (Bankr. S.D.N.Y.), ECF Nos. 1 -3. The Picower Parties (as defined in the bankruptcy court's order) thereafter were granted intervenor status and joined the Trustee's motion. The bankruptcy court granted the Trustee's motion on June 23, 2014, holding, among other things, that the claims in both the Fox Appellants' and Goldman Appellants' proposed complaints against the Picower Parties were derivative of the claims in the Trustee's complaint against the Picower Parties that were resolved through the Picower Settlement, and, thus, each proposed complaint was barred by the permanent injunction.

The Fox Appellants' instant appeal is related directly to a previous appeal that this Court decided concerning the validity and enforcement of the permanent injunction, and, specifically, the enforceability of the permanent injunction against a previous version of the Fox complaint by some of the Fox Appellants. See In re Bernard L. Madoff Inv. Secs, LLC, Case No. 11-CV-1298 (S.D.N.Y. filed Feb. 24, 2011). The Court's decision and order were later affirmed by the Court of Appeals for the Second Circuit. See In re Bernard L. Madoff Inv. Secs. LLC, 740 F.3d 81 (2d Cir. 2014). As a result of deciding the Fox Appellants' previous appeal on the same issues, the Court is fully acquainted with the underlying Picower Settlement, the permanent injunction, and even with the previous version of the Fox Complaint.

While the Goldman Appellants have not previously appeared before this Court on matters concerning the permanent injunction, this is not the first time they have attempted to assert claims against the Picower Parties. The bankruptcy court previously held that an earlier version of the Goldman complaint violated the permanent injunction, as it, too, only alleged claims that were derivative of the Trustee's claims. The appeal in that case was heard by Judge Richard Sullivan of this Court. Judge Sullivan affirmed the bankruptcy court's decision and order enforcing the permanent injunction against the Goldman Appellants. See In re Bernard L. Madoff Inv. Secs. LLC, 12-CV-6109, 2013 WL 5511027 (S.D.N.Y. Sept. 30, 2013). Although the Fox Appellants and the Goldman Appellants each appealed separately from a single order of the bankruptcy court, the instant appeals should be decided jointly because they (i) arise from the same case below, (ii) were heard and decided together below, and (iii) raise virtually identical legal issues – e.g., whether Appellants' proposed "control person" claims against the Picower Parties are derivative of the Trustee's claims. That said, both Your Honor and Judge Sullivan are acquainted with the relevant underlying facts, and the case is "related" to prior appeals heard by each Court. The Intervenors submit that the appeals should be consolidated for the sake of judicial efficiency and to avoid inconsistent decisions, and respectfully request that the Court accept the appeals, or refer them jointly to Judge Sullivan.

Signature: /s Marcy Ressler Harris    Date: 9/11/2014

Firm: Schulte Roth & Zabel LLP